UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:07-CR-151-01 (H/F) |
| | ) | |
| MICHAEL RIEDEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable David F. Hamilton, Judge, on March 26, 2008, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on March 26, 2008, and to submit to Judge Hamilton proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on March 27, 2008 and April 1, 2008, accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*. At all proceedings, Mr. Riedel appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender. The government appeared by James Warden, Assistant United States Attorney, on March 27, 2008, and by Steve DeBrota, Assistant United States Attorney, on April 1, 2008. At all proceedings, U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

On March 27, 2008, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.  William Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Riedel in regard to the pending Petition for Revocation of Supervised Release.

2.  A copy of the Petition for Revocation of Supervised Release was provided to Mr. Riedel and his counsel.  The Magistrate Judge summarized the specifications of the alleged violations and, further, Mr. Riedel and his counsel informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3.  Mr. Riedel was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.  Mr. Riedel would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.  Mr. Riedel had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.  If the preliminary hearing resulted in a finding of probable cause that Mr. Riedel had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Hamilton's designation entered on March 26, 2008.

7.  Mr. Dazey stated that Michael Riedel would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.  Mr. Riedel waived, in writing, the preliminary examination and he was held to answer.

8.  The parties agreed to continue further proceedings until April 1, 2008.  The proceedings were then adjourned pending the revocation hearing on April 1, 2008.  The defendant was ordered detained, pending further proceedings.

On March 27, 2008, the revocation hearing was continued until April 1, 2008 at 11:00 AM.

On April 1, 2008, the Court reviewed prior proceedings held March 27, 2008,  including the defendant's right to a preliminary hearing.  Mr. Riedel appeared in person with his court-appointed counsel, William Dazey.  The government appeared by Steve DeBrota, Assistant United States Attorney; and Jason Phillips, U. S. Parole and Probation officer, appeared and participated in the proceedings.  The following proceedings occurred:

1.  Mr. Riedel, by counsel, stipulated that he committed specification of violation numbered 4 set forth in the Petition for Warrant or Summons for an Offender Under Supervision.  The government agreed that it would dismiss specifications numbered 1, 2, 3 and 5.   The violation admitted to is as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **4** | **You will not subscribe to or use any Internet service without first receiving written permission of your probation officer.** |
|  | As stated above, Mr. Riedel accessed his employer's Internet connection to view pornography.  He did not have permission from the probation officer to access the Internet. |

The Court placed Mr. Riedel under oath and directly inquired of him whether he admitted specification of violation of his supervised release set forth above.  Mr. Riedel stated that he admitted the above violation as set forth.  The Court now finds there is a basis in fact for his admissions and accepts same.  The government moved for dismissal of specifications numbered 1, 2, 3 and 5, and the Court granted same.

– 3 –

Counsel for the parties further stipulated to the following:

1)      Mr. Riedel has a relevant criminal history category of V, U.S.S.G. §7B1.4(a).

2)      The most serious grade of violation committed by Mr. Riedel constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3)      Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Riedel is 7-13 months.

4)      The parties agree that the appropriate disposition for Mr. Riedel's violation of the conditions of supervised release is:

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon, shall cooperate with the collection of a DNA sample, shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of placement on supervised release and two periodic tests thereafter, as directed by the probation officer. The defendant will be required to participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders. Further, the defendant shall comply with the standard conditions as adopted by the Judicial Conference of the United States, as well as the following additional conditions:

1.      The defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and property, including computer systems and peripheral devices. The defendant shall submit to the seizure of contraband found. The defendant shall warn other occupants the premises may be subject to searches.

2.      The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enable device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer.

3.      The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

– 4 –

4.      The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

5.      The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation office. In determining whether to approve such contacts involving members of the defendant's family, the probation office shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

6.      The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Riedel violated the specified condition of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Riedel's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of seven months, to be followed by 29 months of supervised release, with the same conditions previously entered at the time of sentencing, plus the following additional conditions:

> While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon, shall cooperate with the collection of a DNA sample, shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of placement on supervised release and two periodic tests thereafter, as directed by the probation officer. The defendant will be required to participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders. Further, the defendant shall comply with the standard conditions as adopted by the Judicial Conference of the United States, as well as the following additional conditions:

1.      The defendant shall submit to the search (with the assistance of other law enforcement as necessary) of his person, vehicle, office/business, residence and property, including computer systems and peripheral devices.   The defendant shall submit to the seizure of contraband found.   The defendant shall warn other occupants the premises may be subject to searches.

2.      The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer.   Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use.   Any computer or Internet-enable device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer.   The defendant shall warn other occupants of the existence of the monitoring software placed on his computer.

3.      The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

4.      The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer.   The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

5.      The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation office.   In determining whether to approve such contacts involving members of the defendant's family, the probation office shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision.   If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

6.      The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school.

It is recommended by the undersigned Magistrate Judge that Mr. Riedel be designated by the Attorney General of the United States and the Bureau of Prisons to the United States Penitentiary at Buttner, North Carolina.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable David F. Hamilton, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Riedel stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Riedel entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Riedel's supervised release and the sentence imposed of 7 months in the custody of the Attorney General or his designee, to be followed by 29 months of supervised release, with the same conditions previously entered at the time of sentencing, plus the above additional conditions.  It is recommended by the undersigned that Mr. Riedel be designated to the United States Penitentiary at Buttner, North Carolina.

IT IS SO RECOMMENDED this 1ˢᵗ day of April, 2008.

_____
Kennard P. Foster, Magistrate Judge
United States District Court


Distribution:

James Warden,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal